## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**FISHER & COMPANY, INC.,**
**FISHER & COMPANY, INC.**
**EMPLOYEE BENEFIT PLAN**
**FOR HOURLY EMPLOYEES,**
**AND FISHER & COMPANY, INC**
**EMPLOYEE BENEFIT PLAN**
**FOR SALARIED EMPLOYEES,**

                Plaintiffs,

                                                  No. 13-cv-13221

  vs.                                      Hon. Gerald E. Rosen

**BLUE CROSS AND BLUE**
**SHIELD OF MICHIGAN,**

                Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR STAY PENDING APPEAL

On July 26, 2013, Plaintiffs commenced this litigation alleging violations of the Employee Retirement Income Security Act of 1974 and state law concerning certain administrative fees that they assert Blue Cross and Blue Shield of Michigan (BCBSM) misappropriated while administering their self-insured employee benefit plan. This is but one of thirty-four nearly identical lawsuits filed by various individual plaintiffs in this District. Following a bench trial in one of those cases, Judge Roberts entered judgment for plaintiffs and against BCBSM. *Hi-Lex*

1

*Controls, Inc. v. BCBSM.*, 2013 WL 2285453 (E.D. Mich. May 23, 2013). BCBSM filed a timely appeal in that matter.

In its instant motion, BCBSM requests that this Court stay this matter pending the outcome of the *Hi-Lex* appeal. (Def's Mtn., Dkt. # 11).[1] Plaintiffs admit that they "are 'identically situated' to the plaintiffs in *Hi-Lex*," stating that "*Hi-Lex* involved the **same** facts, **same** claims, and **same** applicable law as this case." (Plfs' Resp., Dkt. # 13, at 9, 15) (emphasis in original). Yet, Plaintiffs request that this Court deny BCBSM's Motion, allow the parties to complete discovery on certain factual issues, and allow for early dispositive motion practice. (*Id.* at 9). In support, Plaintiffs argue that a stay is inappropriate due to *Hi-Lex's* collateral effects on this litigation and because a recent Sixth Circuit decision, *Pipefitters Local 636 Ins. Fund v. BCBSM*, 722 F.3d 861 (6th Cir. 2013), "resolved nearly all of the issues identified by BCBSM in its *Hi-Lex* appeal." (Plf's Resp., Dkt. # 13, at 14, 17-19). BCBSM disputes that *Hi-Lex* was correctly decided and that *Pipefitters* controls the *Hi-Lex* appeal. (Def's Reply, Dkt. # 14, at 3-4).

A stay is appropriate in this circumstance given Plaintiffs' admission that *Hi-Lex* involves the same facts, claims, and applicable law. As Judge Cleland noted in *Baker College et al v. BCBSM.*, 13-cv-13226 (E.D. Mich. Sept. 11, 2013), "*Hi-Lex's* importance to this action is a reason to stay the action" and Plaintiff's

---

[1] As discussed further below, despite BCBSM's request to stay the case, it filed a Motion to Dismiss Plaintiffs' Complaint on September 27, 2013. (Dkt. # 16).

2

argument that *Pipefitters* controls the appeal "is just an attempt to litigate the *Hi-Lex* appeal here."  *See also Lumbermen's Inc. v. BCBSM*, 12-cv-15606 (E.D. Mich. July 24, 2013) (Duggan, J.) ("[B]ecause any decision rendered by the Sixth Circuit Court of Appeals in BCBSM's appeal will surely influence, if not govern, the outcome of Plaintiffs' claims here, it would be unwise to proceed with the instant action prior to the Sixth Circuit's review of Judge Roberts' decision in *Hi-Lex.*"). Moreover, the Sixth Circuit recently partially granted Plaintiffs' motion in *Hi-Lex* to expedite appeal, ordering that "motions to extend briefing will not be granted, absent exceptional and ordinary circumstances."  (Def's Reply, Dkt. # 14-5, at 1). This undercuts Plaintiffs' assertion that they will be prejudiced during this appeal.

This Court, therefore, now joins the twenty-five other courts in this District that have pressed the pause button on identical litigation pending the outcome of the *Hi-Lex* matter.  *See ADAC Plastics Inc. v. BCBSM*, 12-cv-15615 (E.D. Mich. Sept. 20, 2013) (Hood, J.); *Pridgeon & Clay, Inc. v. BCBSM*, 12-cv-11830 (E.D. Mich. Sept. 18, 2013) (Murphy, J.); *Baker College*, *supra*; *East Jordan Plastics v. BCBSM*, 12-cv-15621 (E.D. Mich. Aug. 27, 2013) (Drain, J.); *Frankenmuth Bavarian Inn, Inc. v. BCBSM*, 13-cv-13230 (E.D. Mich. Aug. 22, 2013) (Ludington, J.); *Bd. of Tr. of the Mich. Reg'l Council of Carpenters Emp. Benefit Fund v. BCBSM*, 13-cv-10416 (E.D. Mich. Aug. 13, 2013) (Borman, J.); *Bd. of Tr. of the Sheet Metal Workers' Local Union No. 80 Ins. Trust Fund v. BCBSM*, 13-cv-

3

10415 (E.D. Mich. Aug. 12, 2013) (Duggan, J.); *Lumbermen's Inc.*, *supra*; *Trillium Staffing v. BCBSM*, 12-cv-15611 (E.D. Mich. July 24, 2013) (Duggan, J.); *Wade Trim v. BCBSM*, 13-cv-11834 (E.D. Mich. July 23, 2013) (Battani, J.); *VEC (USA) Inc. v. BCBSM*, 12-cv-15671 (E.D. Mich. July 17, 2013) (Michelson, J.); *Borroughs v. BCBSM*, 11-cv-12565 (E.D. Mich. July 10, 2013) (Roberts, J.); *Flexfab Horizons Int'l v. BVBSM*, 11-cv-14213 (E.D. Mich. July 10, 2013) (Roberts, J); *American Seating Co. v. BCBSM*, 11-cv-14326 (E.D. Mich. July 10, 2013) (Roberts, J.); *Great Lakes Castings LLC v. BCBSM*, 11-cv-14328 (E.D. Mich. July 10, 2013) (Roberts, J.); *Star of the West Milling Co. v. BCBSM*, 11-cv-14332 (E.D. Mich. July 10, 2013) (Roberts, J.); *Magna Int'l of America, Inc. v. BCBSM*, 11-cv-14828 (E.D. Mich. July 10, 2013) (Roberts, J.); *Eagle Alloy, Inc. v. BCBSM*, 11-cv-15062 (E.D. Mich. July 10, 2013) (Roberts, J.); *Whitehall Prods., LLC, v. BCBSM*, 11-cv-15136 (E.D. Mich. July 10, 2013) (Roberts, J.); *Morbark, Inc. v. BCBSM*, 12-cv-12843 (E.D. Mich. July 10, 2013) (Roberts, J.); *Adrian Steel Co. v. BCBSM*, 12-cv-15614 (E.D. Mich. July 10, 2013) (Roberts, J.); *Petoskey Plastics, Inc. v. BCBSM*, 12-cv-15642 (E.D. Mich. June 27, 2013) (Edmunds, J.); *SAF-Holland, Inc. v. BCBSM*, 13-cv-11832 (E.D. Mich. June 21, 2013) (Cohn, J.); *Thelen, Inc. v. BCBSM*, 13-cv-11833 (E.D. Mich. June 13, 2013) (Ludington, J.); *Terryberry Co. v. BCBSM*, 12-cv-15612 (E.D. Mich. June 5, 2013) (Friedman, J.).

Finally, a word about BCBSM's recently filed Motion to Dismiss. BCBSM argued just over a month ago that judicial economy dictated a stay, which would "allow the parties to avoid what will be costly and lengthy proceedings as long as the *Hi-Lex* appeal remains pending." (Def's Mtn., Dkt. # 11, at 11). And if it prevails on the *Hi-Lex* appeal, continued BCBSM, "Blue Cross would be entitled to judgment in this case." (*Id.*). A little over a month after penning these words, BCBSM now seeks to get out from underneath the persuasive thumb of its own argument and requests that this Court dismiss Plaintiff's Complaint. (Def's Mtn., Dkt. # 16). Judicial economy favors waiting for an outcome in the *Hi-Lex* matter before considering BCBSM's Motion to Dismiss. As BCBSM so stated, "[s]hould Blue Cross's appeal succeed . . . then any further proceedings in this case" -- which of course would include BCBSM's Motion to Dismiss -- "will have been a waste." (Def's Mtn., Dkt. # 11, at 10). Defendant's Motion to Dismiss is therefore premature.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Stay Pending Appeal (Dkt. # 11) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Under Rule 12(b)(6) (Dkt. # 16) is DENIED WITHOUT PREJUDICE as premature.

IT IS FURTHER ORDERED that this matter is STAYED pending resolution of the *Hi-Lex Controls* matter, including any appeal and proceeding on writ of certiorari to the United States Supreme Court.

IT IS FURTHER ORDERED that this matter is CLOSED for administrative and statistical purposes without prejudice. This closing does not constitute a decision on the merits.

IT IS FURTHER ORDERED that any party may file a motion to reopen this matter upon the issuance of a mandate by the Court of Appeals.

**IT IS SO ORDERED.**


**Dated:**       **October 2, 2013**       **s/Gerald E. Rosen**_____
                                          GERALD E. ROSEN
                                          CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 2, 2013, by electronic and/or ordinary mail.

                              s/Julie Owens_____
                              Case Manager, 313-234-5135

6